## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DRÄGERWERK AG & CO. KGAA, a German corporation; DRAEGER MEDICAL SYSTEMS, INC. and DRAEGER MEDICAL INC., Delaware corporations, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. _____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| ALLIED HEALTHCARE PRODUCTS, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL
## AND INJUNCTIVE RELIEF SOUGHT

Plaintiffs Drägerwerk AG & Co. KGaA, Draeger Medical Systems, Inc., and Draeger Medical Inc. (collectively, "Draeger Medical"), pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, hereby file their Complaint against Defendant Allied Healthcare Products, Inc. ("Allied" or "Defendant"). For its causes of action, Draeger Medical states and alleges on knowledge, information, and belief as follows:

### PARTIES

1.     Drägerwerk AG & Co. KGaA is a German corporation with its principal place of business located at Moislinger Allee 53-55, Lübeck, Germany 23558.

2.     Draeger Medical Systems, Inc. and Draeger Medical Inc. are Delaware corporations with operations in Andover, Massachusetts and Telford, Pennsylvania. Their principal place of business is located at 3135 Quarry Road, Telford, PA 18969.

3.     On information and belief, Defendant Allied Healthcare Products, Inc. is a Delaware corporation with its principal place of business at 1720 Sublette Avenue, St. Louis, MO 63110. Upon information and belief, Defendant Allied is involved in the development, manufacture, import and/or sale of certain accused products without Draeger Medical's authorization.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the federal patent statutes, 35 U.S.C. §§ 271 and 281-285.

5.     This Court has personal jurisdiction over Allied because it has committed acts giving rise to this action within Delaware and within this judicial District. For example and on information and belief, Allied has committed acts of infringement in this District by, among other things, offering to sell and selling products that infringe the Asserted Patent, including its "Dräger Style" Litholyme cartridges. Additionally, Allied is a Delaware corporation.

6.     Venue in the District of Delaware is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b) because a substantial part of the events and acts of infringement giving rise to claims set forth herein occurred in this judicial District and because Allied is subject to the Court's personal jurisdiction and is deemed to reside in this judicial District.

## BACKGROUND

7.     Draeger Medical owns all rights and interests in U.S. Reissue Patent No. RE45745 ("the '745 Reissue Patent" or "the Asserted Patent"), entitled Carbon Dioxide Absorber for a Rebreathing System, which the United States Patent and Trademark Office ("USPTO") duly issued on October 13, 2015 and a copy of which is attached hereto as **Exhibit A**. The '745 Reissue Patent is a reissue of U.S. Patent No. 8,286,633 ("the '633 Patent").

8.  Draeger Medical is the assignee and holds legal title to the '745 Reissue Patent.

9.  Draeger Medical manufactures and sells CLIC adapters for anesthesia machines that incorporate replaceable CLIC cartridges which Draeger Medical sells under the name Drägersorb®. Draeger Medical's CLIC cartridges are protected by the '745 Reissue Patent.

10.  Allied does not have a license to the '745 Reissue Patent.

11.  Allied manufactures and sells carbon dioxide absorbents for medical use and the replaceable cartridges that house the absorbents, including what Allied calls "Dräger Style" Litholyme and Carbolime cartridges (the "Accused Products"). These cartridges are made specifically to replace Draeger Medical's cartridges, and operate in connection with Draeger Medical's CLIC adapters.

12.  On information and belief, Allied sells the Accused Products to hospitals across the United States, including within the State of Delaware.

### COUNT I

### Infringement of U.S. Reissue Patent No. 45745

13.  Draeger Medical repeats each and every allegation in the foregoing paragraphs as if set forth fully herein.

14.  In violation of 36 U.S.C. § 271, Allied is now, and has been directly infringing, contributorily infringing, and/or inducing infringement of the '745 Reissue Patent by manufacturing, using, importing, offering for sale, and/or selling "Dräger Style" carbon dioxide absorbent cartridges in the United States, including but not limited to Litholyme cartridges and Carbolime cartridges, and will continue to do so unless enjoined by this Court.

15.  On information and belief, Allied, with knowledge of the '745 Reissue Patent, and without authority, has actively induced, and continues to actively induce, infringement by its

customers and end-users of at least one claim of the '745 Reissue Patent, under 35 U.S.C.

§271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of infringing

carbon dioxide absorbent cartridges, intending to encourage, and in fact encouraging end-users to

directly infringe the '745 Reissue Patent. On information and belief, Allied actively induces

infringement by designing and introducing into the stream of commerce infringing carbon

dioxide absorbent cartridges and by publishing product literature encouraging use in an

infringing manner and by offering support and technical assistance to its customers to encourage

use of the Accused Products in ways that infringe the asserted claims. In addition, Allied had

actual knowledge of end-users' direct infringement and that its actions induced such

infringement since at least the date of this Complaint.

16.   On information and belief, Allied has also contributed to, and is contributing to,

direct infringement of the '745 Reissue Patent by third parties, such as Allied's customers, in this

District and elsewhere in the United States, in violation of 35 U.S.C. §271(c). For example, on

information and belief, Allied has contributed to, and is contributing to, infringement of the '745

Reissue Patent by selling its customers its Accused Products which are configured to fit into a

Draeger Medical CLIC adapter, which fits into Draeger's anesthesia machines; the use of these

absorbent cartridges when connected to the CLIC adapter, directly infringes the '745 Reissue

Patent. In addition, because of this specific design for use with Draeger Medical's CLIC adapter,

the accused products have no substantial non-infringing use.

17.   Allied's continuing and past infringement of the '745 Reissue Patent has caused

monetary damage and irreparable injury to Draeger Medical. Unless and until Allied's

infringement is enjoined by this Court, it will continue to cause monetary and irreparable

damage.

18.   Allied has had knowledge of the '745 Reissue Patent and of infringement at least since the service of this complaint. On information and belief Allied's conduct has constituted and continues to constitute willful infringement because Allied is aware of the '745 Reissue Patent and Draeger Medical's products and Allied's decision to sell, and continue to sell, the Accused Products is objectively and subjectively reckless. By way of example, Allied was aware on or before August 31, 2015, that the USPTO had allowed claims directed solely to the CLIC cartridges during Draeger Medical's prosecution of the '745 Reissue Patent.

## CONCLUSION

19.   As a result of Allied's infringement of the '745 Reissue Patent, Draeger Medical has been injured and incurred financial damages.

20.   Allied will continue to infringe the '745 Reissue Patent, and thus cause irreparable injury and damage to Draeger Medical, unless this Court enjoins Allied from further infringement.

## JURY DEMAND

Draeger Medical demands a jury trial on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure and District of Delaware Local Rule 38.1.

## PRAYER FOR RELIEF

**WHEREFORE**, Draeger Medical respectfully requests the following relief:

a.   An order preliminarily enjoining and prohibiting Allied and its officers, agents, servants and employees, privies, and all persons in active concert or participation with it, from further infringement of the '745 Reissue Patent, including, but not limited to, an order enjoining Allied from continuing to sell the Accused Products and/or continuing to infringe the '745 Reissue Patent;

b.   A judgment that Allied has infringed the '745 Reissue Patent, and is liable to Draeger Medical for damages;

c.   A judgment that Allied's infringement of the '745 Reissue Patent was willful and that the damages shall be increased under 35 U.S.C. § 284 to three times the amount found or measured;

d.   A judgment that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Draeger Medical be awarded reasonable attorneys' fees that it incurs in prosecuting this action;

e.   An award of lost profits or, in the alternative, a reasonable royalty adequate to compensate Draeger Medical for Allied's past infringement;

f.   A post-judgment equitable accounting of damages for the period of infringement of the '745 Reissue Patent following the period of damages established by Draeger Medical at trial.

g.   An order enjoining Allied from infringing, inducing others to infringe, or contributing to the infringement of the '745 Reissue Patent.

h.   An award of prejudgment interest, costs, and disbursements.

i.   An order permanently enjoining and prohibiting Allied and its officers, agents, servants and employees, privies, and all persons in active concert or participation with it, from further infringement of the '745 Reissue Patent, including, but not limited to, an order enjoining Allied from continuing to sell the Accused Products and/or continuing to infringe the '745 Reissue Patent;

j.   An order requiring Allied to deliver to Draeger Medical for destruction all infringing products in its possession in the United States; and

k.    An award to Draeger Medical of such other and further relief at law or in equity as the Court deems just and proper.

Dated: October 13, 2015

**OF COUNSEL:**                                      **DLA PIPER LLP (US)**


Cyrus A. Morton                                        _/s/ Denise S. Kraft_____
Angela M. Muñoz-Kaphing                         Denise S. Kraft (DE No. 2778)
Li Zhu                                                       Brian A. Biggs (DE No. 5591)
**ROBINS KAPLAN LLP**                            1201 North Market Street, Suite 2100
800 LaSalle Avenue, Suite 2800                 Wilmington, Delaware 19801
Minneapolis, Minnesota 55402                    Telephone: (302) 468-5700
Telephone: (612) 349-8500                         Facsimile:  (302) 394-2341
Facsimile: (612) 339-4181                           Denise.Kraft@dlapiper.com
CMorton@RobinsKaplan.com                     Brian.Biggs@dlapiper.com
AMunoz-Kaphing@RobinsKaplan.com
LZhu@RobinsKaplan.com                           *Attorneys for Plaintiffs Drägerwerk AG & Co.*
                                                               *KGaA, Draeger Medical Systems, Inc., and*
                                                               *Draeger Medical Inc.*